UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA v. SARAH NALE | No. |
|---|---|

# INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Entity 1 was a real estate trust operating in Kennebec County and in the State of Maine. Entity 2 was a professional services firm operating in the State of Maine. Individual 1 and Individual 2 were each involved in both entities until about late 2015 to early 2016, when Individual 1 departed Entity 2.

2. Sarah Nale was an employee of Entity 2 and performed bookkeeping functions for both entities, including receiving payments, entering moneys received into receipt books, making entries in checkbook ledgers, and making cash and check deposits to the bank accounts for each respective entity.

3. All of Nale's bookkeeping work for Entity 1 and Entity 2 was done during Nale's working hours for Entity 2, and Nale received a salary for all her services from Entity 2. Nale was not entitled to any additional payment for her work from Entity 1 funds.

4. Part of Nale's duties were to receive rent payments from tenants of Entity 1 and Individual 1. The rent payments were made in cash or by check. Nale's duties included making entries in receipt books for moneys received by cash or by check. These duties

occurred in Entity 2 office spaces during Entity 2 business hours.

5. Nale was also responsible for bookkeeping at Entity 2. These duties included collecting receipts payable and making deposits into Entity 2 accounts, and making payments to vendors and making her own payroll checks to herself, from the Entity 2 operating checking account.

6. In making these payments, Nale would make entries into the ledger of check stubs that remained in the check book.

7. Entity 1 and Entity 2 each had their own accounts at Key Bank.

8. Key Bank is headquartered in Ohio, and all check-clearing caused by the deposit of checks described in this information involved, at least, wire communication from branches in Maine to Key Bank servers in Ohio.

## THE SCHEME TO DEFRAUD

9. Beginning at a time unknown to the United States Attorney, but no later than about March 2012, and continuing through about September 2022, in the District of Maine and elsewhere, the Defendant **SARAH NALE**, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud Entity 1 and Entity 2, and Individual 1 and Individual 2, as to material matters, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

10. It was part of the scheme that Nale would receive certain cash and check rent payments from tenants of Entity 1 and Individual 1, and instead of depositing all the cash and checks into Entity 1's account, Nale would divert the funds to her own use.

11. It was further a part of the scheme than Nale would fail to make receipts for some of the rent payments received as checks.

2

12. It was further part of the scheme that Nale would make the deposits of Entity 1 checks into the Entity 2 operating account by filling out a deposit slip and submitting the slip, with the check or checks, to Key Bank.

13. It was further part of the scheme that Nale would write herself checks from the Entity 2 operating account for money to which she was not entitled; at times Nale would make false entries in the Entity 2 checkbook ledger for the amount of her payroll while the check to herself was higher, and at times Nale would make false entries in the ledger showing a check to be written to a legitimate vendor when the check was in fact written to herself. Nale made these ledger entries knowing them to be false, and with the intent to deceive. Nale would then deposit the checks written to herself into her own account.

14. It was further a part of the scheme that Nale would write checks to herself from the Entity 1 checking account and record these checks in the ledger as being for amounts due and payable to Nale, when in truth and in fact Nale was not entitled to any money from Entity 1 or the Entity 1 account. Many of the checks bore memo lines falsely indicating they were services performed by Nale or otherwise constituted funds Entity 1 owed to Nale.

15. The scheme included over 500 total transactions resulting in total losses of $816,584.74 to Entity 1, Entity 2, Individual 1, and Individual 2.

**COUNT 1**
**Wire Fraud**

16. Paragraphs 1 through 15 and all subparts are incorporated herein.

17. For the purpose of executing and in furtherance of this scheme to defraud, the defendant transmitted and caused to be transmitted writings, signs, signals, and sounds

by means of wire communication in interstate commerce, including, but not limited to, the following transmission:

>On about September 17, 2021, Key Bank check-clearing transmissions from a branch in Kennebec County, Maine, to servers outside the State of Maine resulting from the deposit of 15 checks belonging to Entity 1 into the account of Entity 2, totaling $21,578.56.

All in violation of Title 18, United States Code, Section 1343.

Dated this 12th day of July 2024

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

/s/ Chris Ruge
Chris Ruge
Assistant United States Attorney